IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARCUS WRIGHT, and
VALENCIA WRIGHT
On behalf of a minor child
CHRISDION WRIGHT

Plaintiffs,

v. Civ. No. 12-305 BB/CG

BOARD OF EDUCATION FOR THE LAS CRUCES PUBLIC SCHOOLS,
WHITE SANDS MISSILE RANGE ELEMENTARY SCHOOL,
TODD GREGORY in personal and official capacity,
ANDREA FLETCHER in personal and official capacity,
KATY VIGIL in personal and official capacity,
SHERRY GANUELAS in personal and official capacity,
DR. CONNIE PHILLIPS in personal and official capacity,
and DEFENDANT DOES in personal and official capacity,

Defendants.

## MEMORANDUM OPINION

THIS MATTER comes before the Court on Defendants' motion to dismiss [Doc. 15]. Having reviewed the submissions of the parties and the relevant law, the Court will GRANT Defendants' motion.

## LEGAL STANDARD

The Federal Rules warrant dismissal of suits that fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must go

beyond a "formulaic recitation of the elements of a cause of action," or generalized allegations of conduct that could only conceivably give rise to a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009). Thus the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible.'" *Id* at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). However, the complaint need not contain a "detailed factual allegation." *Id.* Rather, the complaint must suffice to demonstrate that it has a "reasonable prospect of success" and must "inform the defendants of the actual grounds of the claim against them." *Robbins v. Okla. ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1248 (10th Cir. 2008). In reviewing a motion to dismiss, the Court must accept all well-pled allegations in the complaint as true and view those allegations in the light most favorable to the nonmoving party. *Stidham v. Peace Officer Standards and Training*, 265 F.3d 1144, 1149 (10th Cir. 2001).

**FACTUAL AND PROCEDURAL BACKGROUND**

For the purpose of this motion to dismiss, the Court will rely on Plaintiffs' version of the facts. In September 2009, C.W., a minor child, attended public school in Las Cruces, New Mexico. Throughout the school year, other students bullied C.W., called him racial slurs, and physically assaulted him numerous times. After many of these incidents, C.W. would tell the school's staff, teachers, and principal. However, other than filing a series of "Reports of Harrassment, Intimidation, Bullying or Hazing," the school did nothing. After a year of repeated bullying, C.W. has suffered physical injuries as well as depression and anxiety. His parents now bring this suit on his behalf. Plaintiffs allege negligence and prima facie tort under New Mexico law, and Fourth and Fourteenth Amendment violations under the United States Constitution.

## DISCUSSION

### I. New Mexico Claims: Negligence and Prima Facie Tort

Plaintiffs allege prima facie tort and negligence under New Mexico law. In New Mexico, claims against state entities and their employees are governed by the New Mexico Tort Claims Act ("TCA"). NMSA §§ 41-4-1 to -30 (1978). The TCA states that any "governmental entity and any public employee while acting within the scope of duty are granted immunity from liability for any tort except as waived by [the TCA]." NMSA § 41-4-4(A), and -2 (1978); *see also Johnson v. Sch. Bd.*, 845 P.2d 844, 846 (N.M. App. 1992). Plaintiffs bring each of their claims against a public school and employees of that school who were acting within their duties. *See* NMSA § 41-4-3. Therefore, to survive this motion to dismiss, Plaintiffs must show that immunity has been waived by the TCA for each tort claim.

### A. Negligence

Plaintiffs first allege negligent operation of a public building.[1] To support this claim, Plaintiffs allege that Defendants failed to implement the safety policies necessary to protect C.W. while using the school building, because he was repeatedly attacked by fellow students on school grounds. In general, the TCA waives sovereign immunity for negligent maintenance of a public building. NMSA § 41-4-6. However, New Mexico has specifically held that the TCA does not waive sovereign immunity for the negligent supervision of a child who is injured by another

---

[1] Plaintiffs' complaint generally alleges negligence, and fails to identify a specific cause of action that is tenable under the TCA. However, Defendants' motion to dismiss has construed the complaint as one alleging negligent operation of a public building. In response, Plaintiffs appear to adopt this as the theory of their claim [Doc. 18-1]. The Court will treat Plaintiffs' response as a request to amend the complaint, and grant it. *See Viernow v. Euripides Dev. Corp.*, 157 F.3d 785, 790 n. 9 (10th Cir. 1998).

student while on school grounds. *Espinoza v. Town of Taos*, 905 P.2d 718, 721 (N.M. 1995); *Pemberton v. Cordova*, 734 P.2d 254, 256 (N.M. App. 1987).

Furthermore, the TCA does not waive sovereign immunity for negligent operation of a building when only a single person is put at risk by using the building. *Upton v. Clovis Mun. Sch. Dist.*, 141 P.3d 1259, 1264-1265 (N.M. 2006). Rather, a plaintiff must allege that the general public was subject to risk. *Id.* Here, Plaintiffs fail to raise a plausible inference that anyone other than C.W. was harmed or put at risk. Plaintiffs briefly conclude that "African-American alumni [sic] in Las Cruces Public School District have continually been treated differently than other alumni [sic] whenever any claims of race discrimination and attacks arise" [Amended Compl. ¶ 25]. Plaintiffs also conclude that C.W. was treated differently from other students "due only to Plaintiff's race" [id. at ¶ 46]. However, Plaintiffs do not intimate a single fact, incident, or other aggrieved individual that could support these conclusions. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The Court cannot infer that Plaintiffs' claim for relief is plausible, rather than merely possible, as is necessary to survive a motion to dismiss. *See id.* at 679 ("only a complaint that states a plausible claim for relief survives a motion to dismiss"). Therefore, Plaintiffs have failed to show that sovereign immunity is waived for their negligence claim.

**B. Prima Facie Tort**

Plaintiffs also allege prima facie tort. However, the TCA does not waive immunity for prima facie tort claims. *Derringer v. State*, 68 P.3d 961, 965 (N.M. Ct. 2003) (citing NMSA 1978, §§ 41-4-5 to -12). Thus Defendants are entitled to immunity for the prima facie tort claim.

*See id.* Because sovereign immunity has not been waived for either of Plaintiffs' state tort claims, dismissal of the state law claims is proper.

## II. CONSTITUTIONAL CLAIMS: EQUAL PROTECTION AND DUE PROCESS

### A. Equal Protection

The Equal Protection Clause prohibits the government from treating similarly situated persons differently without adequate justification for the difference in treatment. *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1228 (10th Cir. 2006). To proceed on an Equal Protection claim, a plaintiff must necessarily allege that he was treated differently from other, similarly situated persons. *Price-Cornelison v. Brooks*, 524 F.3d 1103, 1109 (10th Cir. 2008) (internal quotation omitted). In so doing, a plaintiff must provide specific factual allegations to support the conclusion his constitutional rights have been violated. *Blinder, Robinson & Co. v. United States SEC*, 748 F.2d 1415, 1419 (10th Cir. 1984). "To state a constitutional claim, plaintiff must do more than simply state a conclusion or engage in 'artful pleading.'" *Id.*; *see also Iqbal*, 556 U.S. at 678-679 ("the pleading standard does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusion").

As discussed, Plaintiffs here make the unsupported conclusion that African American students have been generally treated differently by the Las Cruces public school district. *See* discussion *supra* Part I. Plaintiffs allege no specific facts to suggest that African American students indeed are treated differently than other students, or that C.W. was personally treated differently than any other student. Plaintiffs also fail to allege any facts that suggest the Defendants acted with racial animus, or that Defendants deliberately were indifferent to the

bullying because of Plaintiff's race. *See Williams v. Port Huron Sch. Dist.*, 455 Fed. Appx. 612, 618 (6th Cir. 2012) ("to demonstrate a violation of the Fourteenth Amendment's Equal Protection Clause, Plaintiffs must demonstrate Defendants' racially discriminatory intent with respect to their response to the student on student harassment").

Furthermore, Plaintiffs' complaint fails to attribute specific conduct to each individual defendant that allegedly violated the Constitution. Plaintiffs generalized allegations instead treat the numerous defendants as one, indistinguishable unit. This is insufficient to put each defendant on notice as to the particular grievances facing him. *See Robbins v. Okla. ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1249-1250 (10th Cir. 2008). Because § 1983 suits often involve multiple actors, the Tenth Circuit has emphasized that "it is particularly important in such circumstances that the complaint make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." *Id.*

Therefore, Plaintiffs' complaint is insufficient to plead an Equal Protection violation, and dismissal of this claim is proper.

**B. Due Process**

As a general rule, state actors have no constitutional Due Process obligation to protect an individual from the violent acts of third parties. *DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 196 (1989). However, there are two exceptions: state actors can be liable if they have a "special relationship" with the plaintiff, or if they have "created the danger" which caused the plaintiff's harm. *Uhlrig v. Harder*, 64 F.3d 567, 572 (10th Cir. 1995).

**Special Relationship.** Under the first exception, a 'special relationship' exists when the state assumes control over an individual. *Deanzona v. City & County of Denver*, 222 F.3d 1229, 1234 (10th Cir. 2000). However, the Tenth Circuit has repeatedly held that no special relationship exists between a school and its students. *Id.*; *Graham v. Indep. Sch. Dist. No. I-89*, 22 F.3d 991, 994-95 (10th Cir. 1994). Thus Defendants here cannot be held liable under the 'special-relationship' doctrine.

**State-Created Danger.** The Tenth Circuit has held that under the 'state-created danger' doctrine, a plaintiff must plead facts showing that: (1) the defendants created or increased the danger to the plaintiff; (2) the plaintiff was a member of a limited group; (3) the defendant's actions put the plaintiff at substantial risk of serious, immediate, and proximate harm; (4) the risk was obvious or known; (5) the defendants recklessly acted in conscious disregard of that risk; and (6) the defendants' conduct shocks the conscience. *Armijo v. Wagon Mound Pub. Sch.*, 159 F.3d 1253, 1262-63 (10th Cir. 1998) (citing *DeShaney*, 489 U.S. at 201; *Uhlrig*, 64 F.3d at 574).

Here, Plaintiffs' claim fails to establish the first element of this test. Plaintiffs have failed to plead facts demonstrating that Defendants created or increased C.W.'s danger. The Tenth Circuit has held that "if the danger to the plaintiff existed prior to the state's intervention, then even if the state put the plaintiff back in that same danger, the state would not be liable because it could not have created a danger that already existed." *Armijo*, 159 F.3d at 1263.

Plaintiffs allege that C.W. was repeatedly bullied and harassed by other students, that he reported incidents of bullying numerous times to several school employees over the course of more than one year, and that the school did nothing. Under these facts, the school did nothing to stop the bullying or to protect C.W. However, the school also did nothing to create the danger facing him, or to render him more vulnerable to it. *See Gray v. Univ. of Colo. Hosp. Auth.*, 672

F.3d 909, 916 (10th Cir. 2012) (State liability exists under this doctrine only if "the State creates a dangerous situation for citizens in the free world or renders them more vulnerable to danger") (internal citations omitted). While the school certainly could have – and probably should have – done more to protect C.W., these facts do not suggest that the school created or increased any risk of harm. *See, e.g., Graham*, 22 F.3d at 993 (no state-created danger when student was killed by a fellow student that had threatened violence against him, and the school ignored warnings that the violent student was on school grounds with a gun).

Furthermore, the first element of the state-created danger doctrine can only be shown by "*affirmative conduct* on the part of the state in placing the plaintiff in danger." *Gray*, 672 F.3d at 916. Likewise, this element cannot be established by pointing to the State's *failure* to act. *Id.* Failure to act to protect a student from a known risk is not affirmative conduct for the purposes of this doctrine. *Sutton v. Utah State Sch. for the Deaf and Blind*, 173 F.3d 1226, 1239 (10th Cir. 1999); *Graham*, 22 F.3d at 995. Even making affirmative promises to protect a vulnerable child, and subsequently failing to act on those promises to protect, is not considered affirmative conduct under this doctrine. *See Sutton*, 173 F.3d at 1239 (under the state-created danger doctrine, a principal did not engage in affirmative conduct when he assured that a special-needs student would be monitored in the bathroom, but the student was not monitored and was subsequently sexually assaulted); *DeShaney*, 489 U.S. 489 at 197 (no affirmative conduct where the State failed to remove a child from an abusive home after it "specifically proclaimed, by word and by deed, its intention to protect him against that danger").

Thus even in cases where the State takes a more active role than it has here, it cannot be said that the State created a danger. Likewise, the Defendants' failure to act here did not violate due process under the 'state-created danger' doctrine.

**CONCLUSION**

Immunity from Plaintiffs' state law claims have not been waived by the New Mexico Tort Claims Act, and Plaintiffs fail to allege facts sufficient to state a claim of any constitutional violations. Therefore, dismissal of this action is proper.

Dated this 13th of September, 2012.

BRUCE D. BLACK
UNITED STATES DISTRICT JUDGE